O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (LC)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09083 PSG (Ex) | Date | July 31, 2012 |
|---|---|---|---|
| Title | Talib A Moate v. Cleopatra Records | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DISMISSING Case WITHOUT PREJUDICE

       Plaintiff filed the present action on November 1, 2011.  On June 14, 2012, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution.  *See* Dkt. # 7.  The Court indicated that it would accept the filing of Proof of Service of Summons and Complaint by the Plaintiff as a sufficient response.  Plaintiff was directed to respond on or before July 5, 2012.  To date, Plaintiff has not filed Proof of Service of Summons and Complaint.  In an untimely response submitted on July 9, 2011, Plaintiff, who is currently incarcerated, argues that the action should not be dismissed because he did not receive a copy of the Court's Standing Order until February 11, 2012.  The Standing Order directs litigants in relevant part to comply with Rule 4 of the Federal Rules of Civil Procedure and the Central District's applicable Local Rules.  Plaintiff's response admits that Defendant has not yet been served and requests an unspecified extension of time to properly execute service.

       Rule 4(m) of the Federal Rules of Civil Procedure states that a court may dismiss an action without prejudice if a defendant has not been served within 120 days after the complaint was filed.  Although Plaintiff is proceeding *pro se*, he must still comply with the Federal Rules of Civil Procedure.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Nor has Plaintiff established "good cause" to retroactively extend Rule 4(m)'s 120-day deadline.  First, the relevant portion of the Standing Order simply directs litigants to comply with Rule 4(m), something Plaintiff was already required to do without having received the Standing Order.  Second, Plaintiff admits that the delayed receipt was caused by his failure to provide the Court with a complete return address.  Under Local Rules 83-2.7 and 83-2.10.2, the burden was on Plaintiff to update the Court with

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6** (LC)

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-09083 PSG (Ex) | Date | July 31, 2012 |
|---|---|---|---|
| Title | Talib A Moate v. Cleopatra Records | | |

complete and accurate address information.  Finally, the Court notes that the Complaint was lodged on November 1, 2011, over 270 days ago and over 170 days after Plaintiff admittedly received the Standing Order.  Nonetheless, no attempt to serve Defendant has been made.

       Accordingly, pursuant to Rule 4(m), the action is hereby DISMISSED WITHOUT PREJUDICE.

       **IT IS SO ORDERED.**